[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant claims that his recent bankruptcy discharge relieves him of the responsibility to pay his former wife 35% of any payments she may be required to make on the Sears. Norwest and Visa debts which are in the approximate amount of $7,300.00, all in accordance with the Florida Final Judgment of Dissolution of Marriage dated June 6, 1990.
Section 523(a)(5) of the Bankruptcy Code provides as follows: "A discharge . . . does not discharge an individual debtor from any debt — (5) to a . . . former spouse . . . for alimony to, maintenance for, or support of such spouse . . . in connection with a . . . divorce decree . . ." In contrast, obligations assumed as part of property settlements are discharged.
After a review of the file, the testimony, and the briefs of counsel, the court concludes that the defendant's obligation to his former wife is non-dischargeable as to her under the Federal Bankruptcy Law as being alimony, maintenance or support rather than a property settlement. This conclusion is fortified by the Florida dissolution decree which states in pertinent part that "the parties have the following joint debts: Sears, Norwest and a Visa debt in the amount of $7,300.00 of which the wife used $3,000.00 as and for support of the minor children during the time that she stayed in Connecticut with her sister since the husband did not contribute any money during that period of time. Said debts should be split along the same lines CT Page 10203 as the percentage the parties are required to contribute to the support of the minor children of the parties."
The Florida court ordered that the defendant pay 35% of the $7,300.00 debt which amounts to $2,555.00. This order was intended to reimburse the plaintiff in part for the $3,000.00 which she expended in support of the family during the period that defendant did not contribute to the support of the minor children. Therefore, said debts are not dischargeable in bankruptcy as to the former wife and defendant remains liable to reimburse her for 35% of any payments she may make on same.
BALLEN, JUDGE